## Roessing v. City of Erie

*Hosbach & Good,* for plaintiff.
*Murphy & Jeffs,* for defendant.

EVANS, J., April 30, 1945.—This matter is before the court on a motion for leave to give notice of a claim or action in trespass nunc pro tunc, and upon a motion of the City of Erie to dismiss the action for failure to give such notice as is required by the Act of July 1, 1937, P. L. 2547.

An accident occurred October 18, 1943, and the first official notice to the City of Erie was the receipt of a summons and statement of claim on November 17, 1944. Testimony was taken on the motion for leave to give notice nunc pro tunc, and Louis Sweitzer, who investigates such matters for the City of Erie, admitted that on the day of the accident he had notice of the same. It is further shown that the insurance carrier for the city had immediate notice and attempted to settle the matter for an amount unsatisfactory to claimant, all within a short time following the date of the accident.

The above recited act of assembly was passed for the purpose of protecting municipal corporations against claims concerning which they had no knowledge until such time as it would become very difficult for them to make proper investigation prior to suit. The act itself gives the court the right to waive its provisions upon the showing of a reasonable excuse for failure to file the notice within a six months' period following the accident giving rise to the claim for damages on the ground of negligence.

Under the circumstances of this case, we are convinced that the city had adequate and complete notice and by its activity in connection therewith waived the right to any provisions of the act passed for its protection.

And now, to wit, December 31, 1945, the rule to show cause, granted April 30, 1945, on the motion for leave to give notice nunc pro tunc, is made absolute, and the city's motion to dismiss the action is dismissed.